**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mathew W. Shreeve,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Douglas A. Ducey, et al.,<br><br>　　　　　Defendants. | No. CV-20-01116-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff Mathew W. Shreeve's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants.  The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served.  Pursuant to this screening, the complaint will be dismissed.

**I.     Legal Standard**

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  *Id.*  Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Id.*  Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v.*

---

[1]     Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings.  *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

**II.   The Complaint**

Plaintiff names three Defendants: (1) Douglas Ducey in his official capacity as Governor of Arizona, (2) Frank Milstead, in his official capacity as Director of Arizona Department of Public Safety, and (3) Andrew M. Tobin, in his official capacity as Director of Arizona Department of Administration. (Doc. 1 ¶¶ 2-4.)

The complaint alleges as follows.  Plaintiff was charged with a state court felony but pleaded to a misdemeanor pursuant to a plea agreement. (*Id.* ¶ 6.)  However, the Arizona Department of Public Safety maintained in its data system that Plaintiff had been convicted of a felony. (*Id.* ¶ 7.)  In 2006, Plaintiff applied for a job with the Casa Grande Elementary School District but "was promptly denied this job opportunity" because the

1 background check "show[ed] a felony conviction." (*Id.*) In 2019, Plaintiff applied for
2 another position and was again denied due to an apparent felony conviction. (*Id.* ¶ 11.)

3       In January 2020, after Plaintiff wrote letters to state representatives and filed a notice
4 of claim, the Arizona Department of Public Safety updated its information to accurately
5 reflect that the conviction was a misdemeanor. (*Id.* ¶ 14.)

6       Plaintiff alleges that he "suffered neglect from the Arizona Department of Public
7 Safety, which is in[2] direct control of Defendants" and that "[t]his neglect has caused
8 Plaintiff the loss of potential wages" and benefits dating back to 2006, "when Plaintiff was
9 denied employment from the Casa Grande Elementary School District." (*Id.* ¶ 15.)
10 Plaintiff also alleges that this neglect is actionable under 42 U.S.C. § 1983 because it
11 violated his constitutional rights—"the violations Plaintiff has endured includ[e]
12 Defamation of Character, the loss of his 5th Amendment rights, the loss of his 8th
13 Amendment rights and the loss of his 14th Amendment rights." (*Id.* ¶ 5.) Plaintiff alleges
14 $418,757.20 in "lost potential wages" and seeks damages in the amount of $1,675,028.80
15 "for all lost wages, benefits, time, stress and punitive pain and suffering he has endured."

16 **III.  Analysis**

17       Section 1983 provides:

18
19
20
21
> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

22 42 U.S.C. § 1983 (emphasis added). "[N]either a State nor its officials acting in their
23 official capacities are 'persons' under § 1983," although "a state official in his or her
24 official capacity, when sued for injunctive relief, would be a person under § 1983 because
25 official-capacity actions for prospective relief are not treated as actions against the State."
26 *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 & n.10 (1989) (quotation omitted).
27 State agencies are likewise protected from suit under § 1983. *Wolfe v. Strankman*, 392

28 ---
[2]    The Court assumes that Plaintiff meant "under the direct control of Defendants," not "in" control of them.

- 3 -

F.3d 358, 364 (9th Cir. 2004).

Furthermore, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment" unless the State consents, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), or Congress abrogates the State's sovereign immunity through appropriate legislation, *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011), neither of which has occurred here.  The Eleventh Amendment "bars suits not only against the State when it is the named party but also when it is the party in fact." *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974), *abrogated on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982).  Any "suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Id.*

Under *Ex parte Young,* 209 U.S. 123, (1908), an exception to Eleventh Amendment immunity exists when suit is brought against a state officer, in his official capacity, seeking prospective relief to enjoin an ongoing violation of federal law rather than damages. *Wolfe v. Strankman*, 392 F.3d 358, 364–65 (9th Cir. 2004).  But "the doctrine of *Ex parte Young* is of no aid to a plaintiff seeking damages from the public treasury . . . ." *Scheuer*, 416 U.S. at 238.

Plaintiff brings this lawsuit against three state officials, sued in their official capacity, and seeks damages from the public treasury.  These defendants are not "persons" under § 1983, and the action against them in their official capacity is barred by the Eleventh Amendment.

**IV.   Conclusion**

The complaint will be dismissed in its entirety, with leave to amend.  "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the

deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). "If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017).

Accordingly,

**IT IS ORDERED granting** the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **dismissed** with leave to file an amended complaint by **August 17, 2020**. The amended complaint must adhere to LRCiv 7.1.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint by **August 17, 2020**, the Clerk of Court shall terminate the action.

Dated this 16th day of July, 2020.

Dominic W. Lanza
United States District Judge