**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mathew W. Shreeve,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Douglas A. Ducey, et al.,<br><br>　　　　　Defendants. | No. CV-20-01116-PHX-DWL<br><br>**ORDER** |

　　　　On June 5, 2020, pro se Plaintiff filed the complaint (Doc. 1) and an application to proceed in forma pauperis (Doc. 2.)  On July 16, 2020, the Court granted the application and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2).  (Doc. 5.)  The Court concluded that because the suit was brought pursuant to 42 U.S.C. § 1983 and sought damages from three state officials sued in their official capacities, such that any liability would be paid from the public treasury, the named defendants were not "persons" under the statute and furthermore the suit was barred by the Eleventh Amendment.  (*Id.* at 3-4.)  The Court granted Plaintiff leave to amend.  (*Id.* at 4-5.)

　　　　On July 24, 2020, Plaintiff filed an amended complaint.  (Doc. 6.)  The amended complaint again seeks money damages against the same three state officials, in their official capacities, under 42 U.S.C. § 1983.  (*Id.* ¶¶ 2-5.)  In addition, the amended complaint appears (although it is not entirely clear) to add claims against the three state officials under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, and/or "Arizona's Tort Claim Act," which is presumably a reference to A.R.S. § 12-821.01.  (*Id.* ¶ 6.)

1. Plaintiff's claims are again subject to dismissal. To the extent Plaintiff was seeking to reassert the § 1983 claims that appeared in his original complaint, those claims fail for the reasons already set forth in the July 16, 2020 order. To the extent Plaintiff was seeking to assert new claims under the FTCA, those claims fail because, as the amended complaint itself acknowledges, the FTCA only authorizes claims against "a federal government employee" (Doc. 6 ¶ 6) and all three defendants here are state officials, not federal officials. *Rohan Simon v. McMahon*, 2016 WL 6068105, *3 (C.D. Cal. 2016) ("[T]he FTCA generally provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials.") (citation and internal quotation marks omitted). Finally, to the extent Plaintiff was seeking to assert claims under A.R.S. § 12-821.01, that statute only sets forth the procedural requirements for giving notice of a claim against a state official and this Court would, in any event, lack jurisdiction to address state-law claims in the absence of a viable federal cause of action. For these reasons, the amended complaint must be dismissed.

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). Here, Plaintiff attempted to use his amended complaint to reassert barred claims and made little effort to follow the instructions and guidance that were set forth in the earlier screening order. Under these circumstances, granting further leave to amend would be futile.

Accordingly,

**IT IS ORDERED** that the amended complaint (Doc. 6) is dismissed without leave to amend. The Clerk of Court shall terminate the action.

Dated this 4th day of August, 2020.

_____
Dominic W. Lanza
United States District Judge